IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| LAURA ANN JONES, ) | |
| ) | CASE NO. BK08-80296-TJM |
| Debtor(s). ) | A08-8038-TJM |
| LAURA ANN JONES, ) | |
| ) | |
| Plaintiff, ) | CH. 13 |
| ) | |
| vs. ) | |
| ) | |
| HOUSEHOLD FINANCE CORPORATION ) | |
| III, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the plaintiff-debtor's motion for summary judgment (Fil. #6). No resistance was filed. Micaela Marie Brandt represents the debtor. There has been no appearance for the defendant. Evidence and a brief was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

There are three perfected liens on the debtor's home: the first is held by Countrywide Home Lending in the amount of $208,728; the second is held by Centris Federal Credit Union in the amount of $78,844.45; and the third is held by Household Finance Corporation III in the amount of $39,404.12. The property was valued at $270,000 to $275,000 in a market analysis performed for the debtor in February 2008. Accordingly, the debtor asserts that, based on the lack of equity in the property, the third lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v.

Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Here, the debtor is correct. There is a substantial body of case law permitting a wholly unsecured lien to be stripped off in a Chapter 13 case. See, e.g., McDonald v. Master Fin'l, Inc. (In re McDonald), 205 F.3d 606 (3d Cir. 2000); Am. Gen. Fin., Inc. v. Dickerson (In re Dickerson), 222 F.3d 924 (11th Cir. 2000); Griffey v. U.S. Bank (In re Griffey), 335 B.R. 166 (B.A.P. 10th Cir. 2005); Domestic Bank v. Mann (In re Mann), 249 B.R. 831 (B.A.P. 1st Cir. 2000); Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (B.A.P. 9th Cir. 1997); Black v. Conseco Fin. Serv'g Corp. (In re Black), 260 B.R. 134 (Bankr. E.D. Ark. 2001); McCarron v. Firstplus Fin. (In re McCarron), 242 B.R. 479 (Bankr. W.D. Mo. 2000); In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996).

The lienholder has not demonstrated the existence of any factual dispute, as it did not respond to the motion for summary judgment, and the debtor is entitled to judgment.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. #6) is granted. Separate judgment will be entered.

DATED:    October 22, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Micaela Marie Brandt
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.